**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TREMAIN HOGAN,** | ) | **CASE NO. 1:26 CV 541** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **MARQUIS FORTNER, et al.,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Tremain Hogan, a prisoner at the Southern Ohio Correctional Facility, filed this action against Mansfield Police Officers Marquis Fortner and Stanley Evens. Plaintiff claims that he called Mansfield Police to report an assault, and was himself arrested for menacing. While the charges were dismissed by the prosecutor, his parole officer initiated proceedings to revoke his post release control. He is currently in prison serving a sentence of 108 days imposed February 4, 2026. He claims the officers violated his Fourth, Fifth and Fourteenth Amendment rights. He seeks monetary damages .

## I. BACKGROUND

Plaintiff alleges that he was on post release control under the supervision of the Ohio Adult Parole Authority ("OAPA") when his arrest took place. The OAPA placed him with the Volunteers of America to participate in a sex offender program. He contends in that November 2025, two of the other residents in the program threw seminal fluid at him. He called Mansfield

police to report an assault.  The two Defendant officers arrived and spoke with Plaintiff and the other two residents.  They also spoke with the facility staff.  Staff reported to the officers that Plaintiff was threatening suicide.  Plaintiff denied that he was suicidal but admitted that he threatened to physically assault the two residents.  Staff that overheard the conversation between Plaintiff and the other residents believed Plaintiff was the primary aggressor.  Plaintiff also stated that if he was not taken to a hospital that night, the staff would "have blood to clean up." (Doc. No. 1-8 at PageID #: 22).  He admitted to making that statement but indicated that he was referring to hurting himself and not the other two inmates.  Nevertheless, the officers determined that there was sufficient indication that Plaintiff was threatening to harm the other residents and arrested him for menacing.  The other two residents were not charged for their part in the incident.  Plaintiff contends that the prosecutor dismissed the charges prior to trial; however, the OAPA still charged him with violating the terms of his release.  He was sentenced to serve 108 days in prison.  Plaintiff believes that the other two residents should have been arrested and he should not have been charged.  He claims, without explanation, that the Defendants violated his Fourth, Fifth and Fourteenth Amendment rights.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III.  ANALYSIS

As an initial matter, Plaintiff simply lists constitutional amendments without any explanation of how those amendments would apply in this case.  His claims are stated wholly as legal conclusions which are not sufficient to state a claim for relief.  *Iqbal*, 556 U.S. at 678.

To the extent that Plaintiff may be attempting to assert a claim under the Fifth and Fourteenth Amendments for denial of due process, his claim fails.  The Constitution does not

-3-

guarantee that only the guilty will be arrested, *Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), nor does it provide a private citizen with a constitutional right to initiate or compel the initiation of criminal proceedings against another individual. *See Linda R.S. v. Richard D.*, 410 U .S. 614, 619 (1973).

Furthermore, Plaintiff cannot bring a civil rights action for damages to challenge the result of a post release control  revocation proceeding.  In order to recover damages for allegedly unconstitutional conviction or imprisonment, Plaintiff must prove that the conviction or sentence was reversed on direct appeal, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  The holding in *Heck* applies to  parole revocation decisions. *See Tillman v. Mausser*, No. 2:09-CV-904, 2011 WL 1659387, at *6 (S.D. Ohio May 2, 2011) (quoting *Heck*, 512 U.S. at 487), *adopted and aff'd*, 2011 WL 2181622 (S.D. Ohio June 2, 2011) ("A challenge to the result of a revocation proceeding is not cognizable under § 1983 because 'a judgment in favor of the plaintiff would necessarily imply the invalidity' of the parole revocation decision.") (quoting *Heck*, 512 U.S. at 487); *see also Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (noting that *Heck* would bar a damages action under § 1983 if a plaintiff were seeking damages for reaching the wrong result in his parole revocation hearing rather than using the wrong procedures).  While the criminal charges were dismissed, Plaintiff was still charged and found guilty of violating a condition of his supervised release and sentenced to prison.  That sentence is still valid.  He cannot bring this suit collaterally attacking that judgment.

-4-

## IV.  CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

_____  4/28/2026
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.